# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS ANTONIO CEDILLO-GARCIA, also known as Marcos Cedillo,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-776-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marcos Antonio Cedillo-Garcia challenges the substantive reasonableness of his within-guidelines sentence of 57 months of imprisonment imposed following his conviction for illegal reentry. *See* 8 U.S.C. § 1326. According to Cedillo-Garcia, his guidelines range was too high because the illegal reentry guidelines are not empirically based, double counted his prior criminal conviction for conspiracy to possess with intent to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50255

marijuana, and overstated the seriousness of his nonviolent illegal reentry offense. Additionally, Cedillo-Garcia argues that his sentence failed to reflect his personal history and characteristics and failed to serve the goals outlined in 18 U.S.C. § 3553(a).

Because Cedillo-Garcia did not object to the reasonableness of his sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Although he concedes the standard of review, Cedillo-Garcia seeks to preserve the issue of whether the failure to object to the reasonableness of a sentence upon its imposition requires plain-error review. Similarly, Cedillo-Garcia concedes that this court presumes a within-guidelines sentence to be reasonable, but raises the issue to preserve it for review. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360, 365-67 (5th Cir. 2009).

At sentencing, the district court considered Cedillo-Garcia's arguments in favor of a lower sentence. Based on Cedillo-Garcia's personal history and characteristics, and the § 3553(a) factors, the district court determined that a sentence at the bottom of the guidelines range was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Cedillo-Garcia's disagreement with the propriety of his within-guidelines sentence is insufficient to rebut the presumption that his sentence was reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Cedillo-Garcia argues in passing that the illegal reentry guidelines lack an empirical basis and double count his prior drug conviction by using it to calculate both his offense level and his criminal history score. This court has rejected these arguments. *See United States v. Duarte*, 569 F.3d 528, 529-31

No. 16-50255

(5th Cir. 2009). This court has likewise rejected the argument that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense, thus resulting in an unreasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Cedillo-Garcia has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has failed to establish that the district court committed plain error. *See Peltier*, 505 F.3d 389, 391-92.

The district court's judgment is AFFIRMED.